IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-01348-PAB-GPG

BETTY MCCLAREN-GORBET,

Plaintiff,

v.

ELK RUN INN and
RANDALL LOOPER,

Defendants.

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the Defendants' Unopposed Motion for Protective Order.

The Parties acknowledge and agree that certain information described below as "Confidential Information" should be protected from public disclosure and from any use beyond that permitted by this Protective Order.  The Parties further assert that the disclosure of Confidential Information outside the scope of this litigation could result in injury to on or more of the Parties, as well as to the Parties' privacy or business interests.

The Court, finding that good cause has been shown, therefore enters this Protective Order for the purpose of prohibiting the use or disclosure of Confidential Information except as set forth herein.

**IT IS ORDERED:**

1. As used in this Protective Order, the term "Confidential Information" means any document (as that term is defined for purposes of F.R.C.P. 34(a), and including any non-identical draft or copy as a separate document), hard or electronic files or any portion(s) thereof in any format, transcribed testimony, or response to discovery request, including any extract, abstract, chart, summary, note, information, or copy made therefrom provided to one Party by another in accordance with the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraph 5 below as CONFIDENTIAL, including without limitation, trade secrets, Defendants' tax or financial information, other private or confidential identifying information about other employees, and Plaintiff's medical, financial and tax records. Confidential Information shall not include any matter that is already available outside of the present case, through lawful means, to the general public.

2. Confidential Information shall not be disclosed or used for any purpose other than the preparation and trial of this case. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

3.  Confidential documents, materials, and information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed to anyone except:

    a.  attorneys actively working on this matter;

    b.  persons regularly employed or associated with the attorneys actively working on this matter whose assistance is required in preparing for trial, at trial, or at other proceedings in this matter;

    c.  the Parties, including the Parties' employees, officers, agents, and directors actively participating in the preparation and trial of this matter;

    d.  expert witnesses, consultants, and investigators retained in connection with this matter to the extent such disclosure is necessary for preparation, trial or other proceedings in this matter;

    e.  the Court and its employees ("Court Personnel") in the conduct of this matter;

    f.  stenographic reporters who are engaged in proceedings necessarily incident to the course of depositions, hearings, or trial involving this matter;

    g.  other persons by written agreement of the Parties; and

    h.  deponents, witnesses, or prospective witnesses in this matter, to the extent such disclosure is necessary for preparation, trial or other proceedings in this matter.

4.  Prior to disclosing any Confidential Information to any person listed above other than counsel, persons employed or retained by counsel, Court Personnel, and stenographic reporters, counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed agreement in the form attached hereto as Exhibit A that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the court for purposes of enforcing the Protective Order. All such original agreements shall be retained by counsel securing them and shall be subject to in camera review by the Court if opposing counsel demonstrates good cause for review.

5.  When Confidential Information is produced, disclosed or otherwise provided by a Party in response to any discovery request or otherwise in connection with this matter, it may be designated as Confidential Information by imprinting or affixing the word CONFIDENTIAL on the first page or cover of any document produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.

6.  Before any information is designated CONFIDENTIAL, counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

7.  Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof may be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation may be made on

the record during the deposition whenever possible, but a party may also designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential

5

status as between the parties through such use except if it has been admitted into evidence without a protective order.  However, Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except by further Court order issued upon motion of the party seeking to file "under seal."  Counsel for the parties shall timely seek such protections whenever Confidential Information is filed with the Court or is used in, quoted, or attached to briefs, motions, or other pleadings or papers filed with the Court.

10. At the conclusion of this case, unless other arrangements are agreed upon, all Confidential Information shall be either destroyed or returned to disclosing party; provided, however, that the other party's attorneys may retain one copy of the Confidential Information for the sole purpose of maintaining a complete file.

11. The termination of this action shall not relieve the parties, counsel or other persons obligated hereunder from their responsibility to maintain Confidential Information in conformity with this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.  Nothing in this Protective Order shall preclude any Party or third party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a

motion seeking to modify the manner in which Confidential Information shall be treated at trial.

ORDERED this ___24th___ day of ___November___, 2014.

BY THE COURT

U.S. Magistrate Judge

AGREED AND APPROVED

MARTIN LAW OFFICE LLC
*Original Signature on file at Martin Law Office LLC*

s/ Jodi S. Martin
Jodi S. Martin, Colo. Atty. Reg. 44658
1526 Spruce Street, Suite 102
Boulder, Colorado 80302
Telephone: (303) 928-2320
Facsimile: (866) 724-2021
E-mail: Jodi@themartinlawoffice.com

ATTORNEY FOR DEFENDANTS

AZBELL & GROVES, LLC
*Original signature on file at Azbell & Groves, LLC*

s/Erik Groves
Erik Groves
Joseph H. Azbell
619 Main Street
Grand Junction, CO 81501
Telephone: (970) 241-7701
Facsimile: (970) 424-5770
Email: egroves@gmail.com
jazbelllaw@gmail.com

ATTORNEYS FOR PLAINTIFF

**EXHIBIT A**

ACKNOWLEDGEMENT REGARDING PROTECTIVE ORDER

I, _____, do hereby acknowledge that I have received and read a copy of the Protective Order that was made an Order of the Court, in connection with *Betty McLaren-Gorbet v. Elk Run Inn, and Randall Looper*, U.S. District Court for the District of Colorado, Case No. 14-cv-01348-PAB-GPG. I hereby acknowledge and agree to be bound by the terms and conditions of the Protective Order. I understand that during my participation in the handling and development of this case, I may have occasion to read or hear of documents that are designated "CONFIDENTIAL." I agree to use any such CONFIDENTIAL documents or information solely in connection with my participation in this case and for no other purpose, and I agree not to disclose them to anyone else as set out in the Protective Order. I hereby submit to the jurisdiction of the U.S. District Court for the District of Colorado for the limited purpose of enforcing said Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

Dated this _____ day of _____, 20____.

_____
Signature

_____
Printed Name

8